511 P.2d 733

The STATE of Utah, Plaintiff and Respondent,

v.

Daniel Raye WEDDLE, Defendant and Appellant.

No. 12928.

Supreme Court of Utah.

June 21, 1973.

George K. Fadel, Bountiful, Henry E. Heath, of Strong & Hanni, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The defendant and his codefendant were charged with the crime of murder in the first degree in the District Court of Davis County, Utah. At the conclusion of the trial on that charge the jury returned a verdict of guilty with the recommendation that the defendant be imprisoned at hard labor for life. The court adopted the recommendation of the jury and sentenced the defendant to be incarcerated for life. From the verdict and sentence the defendant has appealed.

On May 14, 1971, the defendant and his companion robbed a service station in South Ogden, where the defendant pointed a gun at the attendant and demanded the keys to his automobile. The two men left the service station, taking the attendant's car and also a revolver which was in the glove compartment. A report of the robbery was broadcast on the police network. The two men proceeded on U. S. Highway 91 to a point near Farmington, Davis County, Utah, where the automobile ran out of gas. Donald Perry Jensen, a deputy sheriff of Davis County, was on patrol duty in the area and stopped in the vicinity of the disabled vehicle. Jensen was approached by the defendant to secure assistance in obtaining gasoline. A conversation with the officer took place while the officer was seated in his patrol car and the defendant was standing beside the vehicle. During the conversation Deputy Jensen made certain inquiries of the defendant concerning the stalled automobile and its ownership. The defendant was apprehensive that he would be arrested for the theft of the automobile, and he at that time drew a .38 caliber revolver which he pointed at Jensen and ordered him to get out of the patrol car. Jensen reached for the gun and grasped it momentarily at which time the defendant pulled it away and shot the deputy. Defendant thought Deputy Jensen was attempting to draw his own weapon from its holster, and he continued to fire until he had emptied the pistol which contained five cartridges. Defendant's companion then fired one shot from a gun taken from the glove compartment of the stolen vehicle. The two men then left Deputy Jensen's body at the side of the road and took the officer's patrol car, his service revolver and a jacket, and drove to the foothills east of the Farmington-Bountiful area. The defendant and his companion abandoned the patrol car and took a truck and camper from the owner. The two men then drove the truck and camper to Kemmerer, Wyoming, where they were arrested by Wyoming peace officers.

The statement of facts related above came, for the most part, from the mouth of the defendant in his own testimony during the trial. During the course of his testimony the defendant stated that he had no prior intention of killing the officer, but that when it appeared that he was about to

be arrested he drew his revolver in an attempt to escape; that he panicked when the officer attempted to take the weapon, and during his panic he continued to fire until the weapon was empty.

It is the defendant's position that the evidence even though considered in the light most favorable to the State is insufficient to sustain a conviction of first degree murder. The charge of murder in the first degree was submitted to the jury in three separate categories or propositions, namely: (1) that the killing was willful, deliberate, malicious and premeditated; (2) that the killing was committed in the perpetration of, or an attempt to perpetrate, a robbery; (3) or that the killing was perpetrated by an act greatly dangerous to the lives of others and evidencing a depraved mind, regardless of human life. The court by its charge correctly defined the various terms used in delineating murder in the first degree such as premeditation and deliberation.

The defendant contends that the evidence is insufficient to reasonably show that he had formed a deliberate, premeditated and specific intent to kill the officer. It should be observed that it was the prerogative of the jury to weigh the evidence both for and against the defendant, and it had a right to believe or disbelieve the testimony of the defendant that he fired the fatal shots while in a state of panic. The evidence as shown by the record is sufficient to show that the defendant deliberately shot the officer in an attempt to prevent his arrest for a robbery committed earlier. A person may do an act willfully, intentionally, maliciously and deliberately after a moment's reflection as well as after thinking about the matter for a longer period. The Utah case of State v. Morgan[1] grew out of a factual situation similar in many respects to the instant case. In that case a member of a posse was killed by the defendant while the posse attempted to arrest the defendant for an alleged robbery.

The evidence was sufficient from which the jury could conclude that the defendant killed the officer while he and his companion were engaged in the perpetration of, or an attempt to perpetrate, a robbery. The evidence is without dispute that defendant and his companion were in a stolen automobile which had become disabled, and that they killed the officer for the purpose of making off with his police vehicle in an attempt to make good their escape. The two men took the vehicle as well as the officer's jacket and revolver.

The defendant assigns as error the court's instructing the jury that they could consider whether or not the killing was perpetrated by an act greatly dangerous to the lives of others and evidencing a de-

1. 22 Utah 162, 61 P. 527; State v. Gee, 28 Utah 2d 96, 498 P.2d 662; State v. Roedl, 107 Utah 538, 155 P.2d 741.

praved mind, regardless of human life. We find no evidence in the record which would support the court's giving of an instruction on that proposition. No act is revealed by the evidence which tends to show an act potentially dangerous to other persons and directed toward persons generally.[2] While it was error to so instruct the jury, in the light of the other instructions, it would not appear that there was any likelihood that the jury was misled thereby. The evidence of record amply supports the verdict of the jury that the defendant was guilty of murder in the first degree and the presumption of prejudice should not be indulged.

The court also instructed the jury that they could return a verdict of murder in the second degree in the event their deliberation led them to the conclusion that the crime of murder in the first degree had not been made out. The jury having returned a verdict of murder in the first degree, we must conclude that the jury were convinced beyond a reasonable doubt that the evidence supported that verdict.

We find no error of sufficient gravity to justify a reversal or modification of the verdict or judgment of the court below.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

2. State v. Russell, 106 Utah 116, 145 P.2d 1003. See also dissenting opinion of Mr. Justice McDonough, p. 134.